# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1997 SESSION

FILED

March 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES E. DORSE, JR. and EDDIE L. WILLIAMS, | ) ) ) | NO. 02C01-9706-CR-00205 |
| Appellants, | ) ) | SHELBY COUNTY |
| VS. | ) ) | HON. CHRIS CRAFT, JUDGE |
| STATE OF TENNESSEE, | ) ) | |
| Appellee. | ) ) | (Post-Conviction) |

**FOR APPELLANT DORSE:**

**C. ANNE TIPTON**
140 North Third Street
Memphis, TN 38103-2007

**FOR APPELLANT WILLIAMS:**

**JIM N. HALE**
**(At Hearing)**
147 Jefferson Avenue, Suite 1204
Memphis, TN 38103

**GERALD STANLEY GREEN**
**(On Appeal)**
147 Jefferson Avenue, Suite 1115
Memphis, TN 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**DANIEL R. WOODY**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**DORSE - AFFIRMED IN PART; DELAYED APPEAL GRANTED**
**WILLIAMS - AFFIRMED**

**JERRY L. SMITH,**
**JUDGE**

**OPINION**

The petitioners, Charles E. Dorse, Jr. and Eddie L. Williams, appeal the order of the Shelby County Criminal Court denying their respective petitions for post-conviction relief after an evidentiary hearing. On appeal, petitioners allege ineffective assistance of both trial and appellate counsel. Dorse further argues that, at trial, the jury was charged with an unconstitutional reasonable doubt instruction. Williams presents three additional issues: (1) whether the original trial court properly refused to suppress his statement to the police; (2) whether the original trial court properly refused to sever the defendants; and (3) whether the post-conviction court properly consolidated the subject petitions at the hearing. Because we agree with the trial court's finding that Dorse's trial counsel failed to notify him of his right to seek second tier appellate review, we grant him the right to seek a delayed appeal to the Tennessee Supreme Court. In all other respects, the judgment of the trial court is affirmed.

**FACTUAL BACKGROUND**

**A. Trial**

The petitioners were convicted after a jury trial of first degree murder in the perpetration of a robbery. Both were sentenced to life imprisonment. Their convictions were affirmed by this Court. State v. Charles Edward Dorse, Jr. and Eddie Louis Williams, C.C.A. No. 02C01-9103-CR-00023, Shelby County (Tenn. Crim. App. filed April 1, 1992, at Jackson). We will recite the facts as set out by this Court on direct appeal:

> On May 7, 1988, at approximately 4:15 a.m., the victim was shot by the defendant Dorse. The undisputed proof was that the victim had been in a grocery store and was returning to his vehicle when he was approached by the defendants. After entering his vehicle from the driver's side, he was required to slide across to the passenger side while the defendant Williams got in the driver's seat and the defendant Dorse got in the back seat.
>
> Two witnesses in a parked vehicle then saw the defendant Dorse fire a shot into the victim's head but did not see any scuffle

2

prior to the firing of the pistol. At this point these witnesses observed the two defendants exit the vehicle and run from the scene. Prior to hearing the gunshot one of these witnesses had also seen the defendant Dorse strike the victim in the head.

In addition, the mother of the two witnesses recalled seeing the defendants standing outside the grocery store when she had entered the store. All three witnesses identified the defendant Dorse from pretrial photographic displays and at trial. One witness also positively identified the defendant Williams from a pretrial photographic array and at trial.

Having been called by the State, a friend of the defendants testified that the defendants had borrowed two pistols from him, one of which had not had ammunition. He further testified that they had returned these pistols on the following morning and that the defendant Dorse had admitted to him that they had killed someone.

In addition, redacted versions of the defendants' statements given to an officer with the Memphis Police Department were read at the trial. In his statement the defendant Dorse admitted that he was going to take the victim's automobile. He further acknowledged shooting the victim with a .22 caliber revolver but stated that the pistol had discharged after the victim had grabbed for it. The defendant Williams admitted he had intended to rob the victim of his money. Williams also stated that he had pulled the unloaded weapon on the victim and forced him into the vehicle. He added that after he had entered on the driver's side, the victim had grabbed for his pistol.

Testifying in his own behalf, the defendant Dorse's version of the events had changed somewhat from his original statement to the officers. At trial he denied having known that a robbery had been about to take place and claimed that he had shot the victim when he had observed the victim grabbing for the defendant Williams' pistol. His confusing explanation for his previous contradictory statement was that he had not wanted his mother to know that he had just shot the man but rather that the shooting was part of an "accidental robbery".

State v. Charles Edward Dorse, Jr. and Eddie Louis Williams, slip op. at 2-4.

## B. Post-Conviction Hearing

### (1)

At the post-conviction hearing, Dorse testified that he only had two "out-of-court visits" with his trial counsel in preparation for and throughout the course of the trial. He claimed that he and his attorney never talked about the facts and circumstances of his case. He testified that his attorney did not thoroughly investigate, did not file any motions, and refused to interview or present any witnesses at the trial and suppression hearing. He further claimed that trial counsel did not inform him of the adverse decision of this Court affirming his conviction.

Dorse's attorney, Martin Kriger, testified at the hearing as well. He stated

3

that he talked with Dorse on numerous occasions and discussed with him the particular facts of the case. He received full discovery from the state, including the names of witnesses, the facts of the case and Dorse's statement to the police. He filed a motion to adopt the motions filed by Dorse's co-defendant, which included a motion to suppress his pre-trial statement to the police. He stated that Dorse never expressed any complaints concerning his representation. Although he testified that it was his practice to notify his clients of any adverse decision from the Court of Criminal Appeals, he had no recollection of doing so in this case.

**(2)**

Petitioner Williams testified that he was represented at trial by Robert Jones of the Shelby County Public Defender's office. He claimed that Jones discussed his case fully with him, but convinced him not to testify at the suppression hearing and at trial against his own wishes. He claimed that his statement to the police was involuntary as it was illegally obtained. He also stated that Jones did not contact potential defense witnesses in preparation for trial. He further claimed that his appellate counsel, Mark Ward, did not discuss with him the issues that would be raised on appeal.

Trial counsel, Robert Jones, testified that he discussed the case fully with Williams, obtained discovery from the state, spoke with state's witnesses, filed pre-trial motions and had hearings on those motions. He could not recall whether Williams requested that he present witnesses in his defense. He also stated that Williams chose not to testify.

Appellate counsel Mark Ward, also with the Public Defender's office, testified that the only appellate issue which he considered having possible merit was the sufficiency of the evidence. He further stated that it was not his usual practice to confer with a defendant while preparing the appeal.

**(3)**

The post-conviction court made extensive findings of fact and conclusions of law in separate, written orders. Regarding petitioner Dorse, the court found that

4

attorney Kriger was not deficient, nor did Dorse suffer any prejudice as a result of trial counsel's representation. However, the trial court did find that Dorse did not receive effective notice of the adverse decision from this Court. On Williams' petition, the trial court found that neither trial counsel nor appellate counsel was ineffective in any of the alleged instances. Moreover, the trial court found that petitioner Williams could not demonstrate prejudice. Therefore, the trial court denied relief.[1]

## POST-CONVICTION STANDARD OF REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, ___ S.W.2d ___ (Tenn. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, ___ S.W.2d at ___; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755.

---

[1] The post-conviction court made other findings of fact and conclusions of law which are germane to this appeal, including: (1) the reasonable doubt jury instruction given at trial was constitutional; (2) the trial court did not abuse its discretion in denying a severance of defendants; (3) the trial court correctly refused to suppress both petitioners' statements; and (4) Williams' appellate attorney was not ineffective for failing to challenge the suppression ruling as there was no legal foundation to challenge the statement's admissibility.

## A. Standard of Review

Both petitioners claim that they received ineffective assistance of counsel at trial. This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. at 2065; Henley v. State, ___ S.W.2d at ___; Goad v. State, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are

6

informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

## B. Dorse

Dorse claims that he received ineffective assistance of counsel at trial. In this regard, he contends that trial counsel failed to adequately prepare for trial, failed to properly investigate all possible witnesses for trial and the suppression hearing, failed to properly conduct discovery and failed to file necessary pre-trial motions. He further argues that he received ineffective assistance of appellate counsel in that his attorney failed to inform him of his right to seek second tier appellate review.

### (1) Failure to Prepare for Trial

Dorse argues that trial counsel did not fully discuss the circumstances of his case. He testified that he met with his attorney only twice outside of the courtroom. He claimed that his attorney never discussed a trial strategy with him, reviewed his confession or discussed possible witnesses. Essentially, he testified that he and his attorney never discussed anything meaningful.

However, trial attorney Kriger testified that he researched and prepared for trial. He spoke with Dorse on numerous occasions, and they had "extensive meetings" immediately prior to trial and during the trial. Although Dorse insisted on testifying at trial, Kriger attempted to develop a trial strategy which would attack the eyewitness testimony. However, because Dorse admitted at trial that he was present during the crime, Kriger was not able to develop that strategy.

The trial court specifically found Dorse's testimony to be incredible. The court further found that the trial record fully supported Kriger's testimony and found no evidence that Kriger was deficient. The evidence in the record before this Court does not preponderate against that finding. This allegation is without merit.

### (2) Failure to Investigate Witnesses

Next, Dorse claims that Kriger failed to properly investigate potential witnesses to be used at the suppression hearing and at trial. He testified at the

post-conviction hearing that he was seventeen at the time of his arrest. His mother was present during the police interview. Although she signed a waiver allowing the police to interrogate her son, Dorse claims that she was addicted to drugs at the time and did not have the requisite mental state to surrender his right to remain silent. Because of this, Dorse claims that she had "vital information" to offer, and his attorney was deficient in not calling her to testify at the suppression hearing.

In support of this allegation Dorse's first cousin, Denee Dorse Spencer, testified that she was aware of Dorse's mother's drug addiction.[2] However, she was not aware whether Dorse's mother used drugs on that occasion.

Nevertheless, even if this Court were to accept this allegation as true, Dorse has not demonstrated that he was prejudiced. As the trial court correctly noted, "[e]ven if he could somehow show that his mother was using drugs at the time of the statement, this would not prove that her consent, or his consent and waiver of his Miranda rights was not voluntary." See State v. Lundy, 808 S.W.2d 444, 446 (Tenn. 1991). Dorse failed to show that his confession was otherwise involuntary. Furthermore, Dorse has not shown what "vital information" his mother could have offered if she had been called to testify at the suppression hearing. Accordingly, because Dorse has not demonstrated prejudice, this allegation must fail.

Dorse also claims that Kriger did not contact other witnesses in preparation for trial. Three witnesses, as well as Spencer, testified at the post-conviction hearing. Although they all claimed that Kriger did not contact them prior to trial, none of these witnesses had first-hand knowledge of the crime. Dorse has not shown how he was prejudiced by the failure to contact these witnesses. Therefore, this allegation is without merit.

### (3) Failure to Conduct Discovery

Dorse claims that his attorney failed to properly conduct discovery. Although he concedes that his attorney received discovery from the state, he complains that the discovery motion was not filed until the first day of trial. He argues that his attorney did not have enough time to properly review such discovery. However, he

---

[2] Dorse's mother died prior to the post-conviction hearing.

8

has failed to demonstrate how he was prejudiced by the alleged actions of his attorney. As such, this allegation has no merit.

### (4) Failure to File Pre-Trial Motions

Dorse also asserts that trial counsel was ineffective in failing to file necessary pre-trial motions. Prior to trial, Kriger filed a motion to adopt the pre-trial motions of the co-defendant, Williams. The post-conviction court listed seventeen (17) motions filed by Williams, including the motion to suppress his pre-trial statement to the police. The trial court granted the request to adopt the motions, and an evidentiary hearing was held on these motions. The post-conviction court found that Kriger was "completely prepared" to present the motions and did an "excellent job."

This Court finds that Kriger was not deficient in choosing to adopt the co-defendant's motions. Furthermore, Dorse has not proven that he was prejudiced by this procedure. This allegation is without merit.

### (5) Failure to Notify

In his final assertion of ineffective assistance of counsel, Dorse claims that his attorney on direct appeal did not inform him of the adverse decision of this Court affirming his conviction. Therefore, he was not able to seek second tier appellate review by the Tennessee Supreme Court. The trial court found that Dorse should be granted a delayed appeal. We agree.

Although Kriger testified that it was his usual practice to notify his clients of any adverse decision by the Court of Criminal Appeals, he had no specific recollection of doing so in this instance. Dorse testified that he learned of the adverse decision after the time had expired to apply for permission to appeal. When a defendant is denied second tier appellate review through no fault of his own, he is entitled to a delayed appeal. Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984).

We, therefore, grant Dorse the right to seek a delayed appeal to the Tennessee Supreme Court. We vacate our judgment of April 1, 1992, and reinstate it as of the date of the release of this opinion.

9

## C. Williams

Williams argues that he received ineffective assistance of trial and appellate counsel. He contends that trial counsel was deficient in failing to demonstrate that Williams knowingly and voluntarily chose not to testify and by failing to object to the testimony of Dorse, his co-defendant. He claims that trial counsel was ineffective in failing to include "pertinent and meaningful assignments of error" in the motion for new trial. He further claims that appellate counsel was ineffective in failing to amend the motion for new trial in order to present "pertinent and meaningful issues" on appeal.

### (1) Trial Counsel

Williams' first complaint with trial counsel is that trial counsel failed to demonstrate that Williams waived his right to testify. At the post-conviction hearing, Williams claimed that he wanted to testify at both the suppression hearing and at trial, but that his attorney would not let him testify. Trial counsel, Robert Jones, testified that Williams made the decision not to testify.

Williams testified at the post-conviction hearing that he wanted to explain to the jury that he only intended to rob the victim, but did not intend to kill him. However, because petitioners were convicted of a reckless killing in the perpetration of a robbery, this testimony would have essentially proven an element of the state's case. Because such testimony would have been extremely detrimental to the defense, Williams cannot prove prejudice by his failure to testify.

Furthermore, the post-conviction court found that trial counsel's advice not to testify was a sound tactical choice, and Williams voluntarily chose not to testify. Therefore, the trial court found no deficiency. The evidence does not preponderate against this finding. This allegation has no merit.

Williams also claims that trial counsel should have objected to his co-defendant's testimony at trial and should have requested a jury-out hearing of this testimony. He bases this argument on the fact that his co-defendant implicated him during his trial testimony. However, Williams has not provided this Court with any reason why this testimony should not be admissible. The fact that such testimony

was "devastating" does not render it inadmissible. Therefore, his attorney cannot be deficient for failing to object. This allegation has no merit.

Williams further asserts that trial counsel was deficient for failing to allege "meaningful" and important issues in the motion for new trial, thereby failing to preserve such issues for appellate review. However, Williams fails to assert which issues he considers meaningful ones. Accordingly, he cannot demonstrate how he was prejudiced by trial counsel's failure to allege other issues in the motion for new trial. This allegation is without merit.

### (2) Appellate Counsel

Finally, Williams contends that he was denied the effective assistance of appellate counsel in that counsel only alleged insufficiency of the evidence on appeal.

It is counsel's responsibility to determine the issues to present on appeal. State v. Matson, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986). This responsibility addresses itself to the professional judgment and sound discretion of appellate counsel. Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995). There is no constitutional requirement that every conceivable issue be raised on appeal. Campbell v. State, 904 S.W.2d 594, 597 (Tenn. 1995). The determination of which issues to raise is a tactical or strategic choice. Id.

Appellate counsel, Mark Ward, testified that after reading the technical record and the transcripts from the pre-trial hearing and trial, he determined that sufficiency of the evidence was the only reasonable issue that he could raise on appeal. The post-conviction court found "no showing by petitioner of either deficient performance or prejudice to petitioner in his appeal." We agree. This allegation is without merit.

### REASONABLE DOUBT JURY INSTRUCTION

Dorse also argues that the jury instruction given at trial on "reasonable doubt" is constitutionally infirm as it violates due process. He contends that the jury instruction defining "reasonable doubt" violates due process of law by lowering the

11

burden on the state to prove guilt. Tennessee courts have consistently held that using the phrase "moral certainty" in conjunction with an instruction that "reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt" is a valid instruction on reasonable doubt. Nichols v. State, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993).[3]  Therefore, this issue is without merit.

**SUPPRESSION OF WILLIAMS' STATEMENT**

Williams argues that the original trial court erred in refusing to suppress his post-arrest statement to the police. This issue is waived as it should have been raised on direct appeal. *See* Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985).

Moreover, we do not find that appellate counsel was ineffective for failing to raise this issue on direct appeal. Appellate counsel testified that he read the suppression hearing and found no constitutional impropriety regarding Williams' confession to the police. This Court will not second guess strategical or tactical decisions made by counsel. *See* Hellard v. State, 629 S.W.2d at 9. Further, the post-conviction court found that there was no legal foundation upon which to challenge the statement. We agree.

This issue is without merit.

**SEVERANCE OF DEFENDANTS**

Next, Williams argues that the original trial court erred in failing to grant a

_____

[3] Moreover, the Sixth Circuit of the United States Court of Appeals agrees that the language used in this instruction is constitutional. *See* Austin v. Bell, 126 F.3d 843, 847 (6th Cir. 1997).

severance of the defendants.  This issue is also waived as it should have been raised on direct appeal.  *See* Givens v. State, 702 S.W.2d at 580.

Furthermore, appellate counsel was not deficient for failing to raise the issue on appeal as the issue has no merit.  Although the state introduced the confessions of both petitioners at trial, each of the statements was redacted prior to trial, thereby eliminating any confrontation issues pursuant to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).  *See* Tenn. R. Crim. P. 14(c)(1).  At trial the co-defendant testified, thereby eliminating the Bruton problem.  Furthermore, Williams has failed to demonstrate how severance was necessary "to promote a fair determination of [his] guilt or innocence."  Tenn. R. Crim. P. 14(c)(2)(i).

This issue has no merit.

## CONSOLIDATION OF PETITIONS

Williams argues that the post-conviction court erred in consolidating the hearings on the petition for post-conviction relief.  However, there is no indication in the record that either petitioner objected to consolidating the hearings on the petitions.  The issue is waived.  *See* Tenn. R. App. P. 36(a).  Furthermore, Williams has not demonstrated how he was prejudiced by such consolidation.  *See* Tenn. R. App. P. 36(b).  Therefore, he is entitled to no relief.

This issue is without merit.

## CONCLUSION

We find that both petitioners received effective assistance of counsel at both the trial and appellate levels.  However, because Dorse's attorney failed to notify him of his right to seek second tier appellate review, we grant him the right to seek a delayed appeal to the Tennessee Supreme Court.  Accordingly, we vacate our judgment of April 1, 1992, and reinstate it as of the date of the release of this opinion.  In all other respects, the judgment of the trial court is affirmed.

_____
**JERRY L. SMITH, JUDGE**


**CONCUR:**



_____
**JOE B. JONES, PRESIDING JUDGE**



_____
**CURWOOD WITT, JUDGE**