# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### OCTOBER 1999 SESSION



**FILED**

**November 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| MELVIN DARRELL SAWYER, | ) | **NO. 01C01-9811-CR-00440** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. RANDALL WYATT, JR.,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**TERRY J. CANADY**
211 Printer's Alley Building
Suite 400
Nashville, TN  37201-1414

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**D. PAUL DeWITT**
Assistant District Attorney General
Washington Square
222-2nd Avenue North, Suite 500
Nashville, TN  37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

Petitioner appeals the denial of his petition for post-conviction relief by the Criminal Court of Davidson County. Petitioner was convicted in 1986 of two counts of aggravated rape, and the trial court imposed an effective forty-year sentence. In 1988, this Court affirmed the convictions and sentences. Petitioner timely filed a petition for post-conviction relief which the trial court denied after an evidentiary hearing. In 1996, this Court determined that, due to the loss of the post-conviction hearing transcript, "fundamental fairness" required petitioner be granted a new evidentiary hearing on his 1988 petition. The new post-conviction court limited the issues on re-hearing to those delineated by the original 1988 petition which were neither waived nor previously determined. It also denied petitioner relief. In this appeal as of right, petitioner frames his sole issue as follows:

> "whether the [post-conviction] court erred in denying [petitioner] a complete post-conviction relief hearing subject to [this Court's] order entered on [June 4, 1996.]"

We find the post-conviction court did, in fact, grant petitioner a complete hearing in compliance with our June 1996 order and AFFIRM the judgment of the post-conviction court.


**I. PROCEDURAL HISTORY**

A Davidson County jury convicted petitioner of two counts of aggravated rape in 1986, and the trial court imposed two consecutive twenty-year sentences. This Court affirmed the convictions and sentences and the Tennessee Supreme Court denied permission to appeal. State v. Melvin Darrell Sawyer, C.C.A. No. 86-269-III, Davidson County (Tenn. Crim. App. filed February 24, 1988, at Nashville), *perm. app. denied* (Tenn. May 23, 1988).

In October 1988, petitioner timely filed a petition for post-conviction relief, and the trial court appointed counsel who amended the petition in 1989. The trial court conducted an evidentiary hearing on July 27, 1989, after which it issued findings of fact and an order of denial. Counsel neither informed petitioner of the dismissal, nor filed an appeal.

2

In 1994, petitioner was informed of counsel's suspension from the practice of law and wrote the trial court regarding the status of his case. The trial court appointed new counsel to assist petitioner in pursuit of a delayed appeal.

In June 1996, this Court, by order, remanded petitioner's case back to the trial court. State v. Melvin Sawyer, C.C.A. No. 01C01-9602-CR-00059, Davidson County (Tenn. Crim. App. filed June 6, 1996, at Nashville). We determined that the transcript of the original post-conviction hearing was gone, and the existing record was inadequate for purposes of appellate review. Thus, in the interest of fairness, we authorized "a new hearing on [petitioner's] post-conviction petition filed in 1988."

Upon remand, new counsel alleged several issues not raised in the original petition, but the trial court declined to expand the scope of the hearing beyond those issues stated in the 1988 petition. After a limited evidentiary re-hearing, the trial court again denied relief. This appeal followed.

## II. FACTS

### A. Trial

The pertinent underlying facts are summarized from our opinion on direct appeal. The ten-year-old male victim, petitioner's step-grandson, testified to two occurrences in December 1984, wherein petitioner coerced him into performing acts of fellatio. The victim's stepmother testified that the victim reported his grandfather's behavior after viewing part of a commercial television program relating to child sexual abuse. Petitioner denied any sexual contact with the child and attempted to present evidence to the jury that the child was lying.

### B. 1989 Post-Conviction Hearing

Allegations contained in petitioner's original 1988 post-conviction petition (as amended in 1989) may be summarized as follows:

1. Violations of the V, VI, and XIV Amendments to the United States Constitution.

2. Violations of Art. I, §§ 8 and 9 of the Tennessee Constitution.

3. Ineffective assistance of counsel at preliminary hearing.

4. Ineffective assistance of counsel at trial.

3

5.  Ineffective assistance of appellate counsel on direct appeal.

6.  Numerous Due Process violations based upon the trial court's evidentiary rulings throughout the trial.

Although the original post-conviction evidentiary hearing transcript is lost, the original post-conviction court's findings of fact remain in the record as recited by this Court in its June 1996 order. The original post-conviction court found (1) the issue of ineffective assistance of trial counsel was previously determined on direct appeal; (2) allegations concerning ineffective assistance of appellate counsel were "totally unsupported by the evidence;" and (3) numerous other claims were either previously determined on direct appeal or waived.

## C.  1998 Re-hearing

Pursuant to this Court's June 1996 order, the trial court granted petitioner a re-hearing on his 1988 post-conviction petition. However, the court declined to consider additional issues raised by petitioner in his motion to re-hear:

> The [c]ourt notes that additional issues raised by the petitioner in his [1996 petition] are not properly before the [c]ourt for review. The opinion of the Court of Criminal Appeals is very plain in this regard. The extraordinary circumstances which serve as a basis for this rehearing do not entitle petitioner to assert additional claims that could have been pursued but were not pursued at the time of the original petition. The [c]ourt points out that the central purpose behind the rehearing is to build an appropriate record for appellate review. (Footnote omitted.)

The trial court also limited the scope of the re-hearing by declining to consider issues it deemed waived or previously determined:

> The [c]ourt . . . observes that several of the allegations are either waived or previously determined and will not be the subject of this rehearing. Most notably, the claims of ineffective assistance of trial counsel and prosecutorial misconduct were litigated in the Motion for a New Trial and on direct appeal and, as such, are previously determined. Moreover, the challenges raised by the petitioner to the evidentiary rulings by the trial court are also barred from consideration on the basis of waiver or previous determination. In short the petitioner is bound by his prior action or inaction with regard to the issues now raised. (Citations omitted.)

The trial court then conducted a limited evidentiary re-hearing which addressed the sole remaining issue: effectiveness of appellate counsel. After hearing testimony from petitioner and appellate counsel, the post-conviction court again denied relief, concluding:

> [P]etitioner has lodged a number of claims, most of which have been previously determined or waived. However, the [c]ourt has heard all the testimony in the matter and has found no claim [upon] which the petitioner has carried its burden and [which] would justify granting the

4

relief the petitioner seeks.

## III. LIMITATION ON RE-HEARING

Petitioner asserts the trial court denied him a complete post-conviction relief hearing pursuant to this Court's 1996 order when it refused to address issues not raised in his original petition. We respectfully disagree.

This Court's order dated June 6, 1996, remanded petitioner's case to the Davidson County Criminal Court for a "new hearing *on his post-conviction petition filed in 1988* since no record of the prior hearing can be found."[1] (Emphasis added.) In compliance with this order, the trial court granted petitioner's motion for re-hearing. However, the trial court further determined that the majority of petitioner's 1988 issues were previously determined or waived. Those issues included effectiveness of trial counsel, prosecutorial misconduct, and challenges to the trial court's evidentiary rulings. Our review of the record reveals the trial court was entirely correct in this determination.

After petitioner's conviction, the trial court appointed new counsel who pursued a motion for new trial and direct appeal on petitioner's behalf. In particular, appellate counsel litigated effectiveness of trial counsel at the motion for new trial and on direct appeal. In both instances, the issue was found to be without merit. This Court's opinion on direct appeal, affirming petitioner's conviction, also shows that appellate counsel pursued petitioner's claims of prosecutorial misconduct and improper evidentiary rulings by the trial court.

Pursuant to House v. State, 911 S.W.2d 705 (Tenn. 1995), the petitioner received a "'full and fair hearing' sufficient to support a finding of previous determination" regarding these issues. *Id.* at 706.

This case is governed by the now-repealed Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-101 et seq. (1990), under which the trial court "may freely allow amendments." Tenn. Code Ann. § 40-30-115(a)(repealed 1995). Thus, it was

---

[1]Obviously, this would include the 1989 amendments to the original petition as well.

in the trial court's discretion whether to allow or restrict amendments to petitioner's post-conviction petition. *See* Tenn. Code Ann. § 40-30-115(a)(1990); *cf.* Wade v. State, 914 S.W.2d 97, 103 (Tenn. Crim. App. 1995). The trial court did not abuse its discretion in disallowing amendments which went beyond the 1988 petition for purposes of the 1998 re-hearing.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The sole remaining issue for the trial court to consider upon re-hearing was effectiveness of appellate counsel. Petitioner claimed that he received ineffective assistance of appellate counsel in pursuit of his myriad of claims on direct appeal. Particularly, petitioner claimed at re-hearing that appellate counsel failed to zealously pursue his claim of ineffective assistance of trial counsel, failed to properly brief the evidentiary issue pertaining to the trial court's ruling that the victim was not an accomplice such that his testimony required corroboration,[2] and foreclosed avenues of relief by narrowing the issues on appeal in the application for permission to appeal to the Tennessee Supreme Court.

It is counsel's responsibility to determine the issues to present on appeal. State v. Matson, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986). This responsibility addresses itself to the professional judgment and sound discretion of appellate counsel. Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995). There is no constitutional requirement that every conceivable issue be raised on appeal. Campbell v. State, 904 S.W.2d 594, 597 (Tenn. 1995). The determination of which issues to raise is a tactical or strategic choice. *Id.*

Appellate counsel testified at re-hearing that she communicated extensively with petitioner in the course of working on his case. At the motion for new trial, she raised numerous contentions relating to ineffective assistance of counsel, as well

---

[2]On direct appeal, this issue was framed in terms of a trial court error for ruling that the victim was not an accomplice. On re-hearing petitioner argued that appellate counsel should have framed the issue in terms of trial court error for refusing to allow an offer of proof.

as other issues. She continued her representation on direct appeal where she again pursued the ineffective assistance of counsel claim. Furthermore, appellate counsel raised the issue of the victim's status as an accomplice.

Appellate counsel testified that both the motion for new trial and the direct appeal were denied, and that she did not believe there were any legitimate issues remaining for review at that point. Nevertheless, after conferring with petitioner, she filed an application for permission to appeal with the Tennessee Supreme Court which was also denied. At no time did the petitioner express any dissatisfaction with counsel's representation.

Upon hearing the above proof, the trial court expressly found no evidence of deficient appellate representation and no prejudice to petitioner. The judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The burden of establishing that the evidence preponderates against the post-conviction court's findings is on petitioner. Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755.

The evidence in the record does not preponderate against the trial court's ruling that petitioner received effective assistance of appellate counsel. We find no reason to disagree with the trial court's assessment of this issue.

## IV. CONCLUSION

Based upon the foregoing, we **AFFIRM** the trial court's denial of post-conviction relief.

7

                    _____
                          **JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**THOMAS T. WOODALL, JUDGE**

_____
**JAMES CURWOOD WITT, JR., JUDGE**