IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 5, 2003 Session

**TAURYS K. WALLS  v.  STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23193     Arthur T. Bennett, Judge**

---

**No. W2002-01330-CCA-R3-PC  - Filed December 22, 2003**

---

Petitioner, Taurys K. Walls, appeals from the trial court's dismissal of his petition for post-conviction relief.  Petitioner argues that his confession was coerced in violation of the United States and Tennessee constitutions.  Additionally, Petitioner argues that he received ineffective assistance of counsel at trial and on direct appeal.  After a careful review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Post-Conviction Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Marty B. McAfee, Memphis, Tennessee, for the appellant, Taurys K. Walls.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; Julie Mosley; Assistant District Attorney General.

**OPINION**

Petitioner was convicted in the Shelby County Criminal Court of first degree murder and sentenced to life without the possibility of parole.  On direct appeal, this Court affirmed Petitioner's conviction.  *State v. Taurys K. Walls*, No. 02C01-9601-CR-00019, 1998 Tenn. Crim. App. LEXIS 1063, 1998 WL 713294 (Tenn. Crim. App. at Jackson, October 14, 1998), *perm. to app. denied* (Tenn. 1999).

Petitioner timely filed a *pro se* petition for post-conviction relief.  The trial court appointed counsel to represent Petitioner, and an amended petition for post-conviction relief was filed.  A second amended petition for post-conviction relief was filed.  An evidentiary hearing was conducted.

Petitioner's trial counsel testified at the hearing.  Gerald Skahan testified that he represented Petitioner at trial and on direct appeal.  Mr. Skahan testified that on direct appeal from the trial

court's judgment, Petitioner challenged the trial court's denial of a motion to suppress a statement given by Petitioner to the police following his arrest. Mr. Skahan testified that he discussed the statement with Petitioner, and he believed that Petitioner was truthful regarding the circumstances surrounding the statement. Petitioner contended that he was never advised of his *Miranda* rights. Mr. Skahan did not specifically challenge the admission of the statement into evidence under the Sixth Amendment, Fourth Amendment, or Rule 5 of the Tennessee Rules of Criminal Procedure in either the motion to suppress or on direct appeal to this Court. Those issues were discussed in the dissenting opinion however. Counsel's argument in the motion for new trial and on direct appeal centered mainly on *Miranda* issues under the Fifth Amendment, but he testified at the post-conviction hearing that he incorporated all of the constitutional issues surrounding Petitioner's arrest and subsequent confession in a "totality of the circumstances" argument.

Ronald F. Wilkinson, formerly of the Memphis Police Department, testified that Petitioner was arrested pursuant to a warrant, and Mr. Wilkinson completed the arresting papers. Wilkinson testified that he did not know whether Petitioner had appeared before a magistrate within 48 hours of his arrest.

Samuel Williams of the Memphis Police Department acted as the case coordinator in the homicide investigation involving Petitioner. He testified that Petitioner was arrested on June 16, 1993. Williams took a statement from Petitioner on June 19, 1993. Williams did not personally take Petitioner to appear before a judge after his arrest. He testified, however, that the duties of his position do not include escorting defendants to their arraignments. Williams testified that he advised Petitioner of his *Miranda* rights, and Petitioner indicated that he understood those rights.

With regard to Petitioner's confession, this Court noted the following in the opinion in the direct appeal:

> At the hearing on Appellant's motion to suppress his statement, Sergeant Ronald Wilkinson of the Memphis Police Department testified that Appellant was arrested on the afternoon of June 16, 1993. Sergeant Wilkinson further testified that he acted as the arresting officer on that day because Sergeant Samuel Williams, the lead officer on the Ferguson case, was not on duty. Wilkinson stated that on June 16, he did not attempt to question Appellant respecting the incident. Additionally, Sergeant Wilkinson averred that if an arrestee requested an attorney, this would be noted in the arrestee's case file. Finally, he stated that no such notation existed in Appellant's file. Sergeant Samuel Williams testified that on June 19, 1993, Williams had Appellant brought into his office. Williams said that he was "sure" that he administered Appellant his *Miranda* rights before speaking with him. Sergeant Williams then engaged Appellant in an informal discussion concerning the events surrounding Melvin Ferguson's death. Finally, when Appellant "decided he'd tell" Sergeant Williams what Williams "felt was the truth," Williams asked Appellant if he would be willing to give a formal statement. When Appellant affirmed his willingness to give a statement, Williams

-2-

again advised Appellant of his *Miranda* rights. A typist transcribed Sergeant Williams' questions and Appellant's responses. After being read his rights, Appellant acknowledged that he understood those rights. When Sergeant Williams had completed Appellant's interrogation, he asked Appellant to read over the statement to ensure its correctness, to initial every page, and to sign and date the last page. Appellant incorrectly dated his statement "6/20/93."

On cross-examination, Sergeant Williams acknowledged that on the day that Appellant was arrested, Appellant informed a member of the police department that he did not wish to give a statement and that he knew nothing about Mr. Ferguson's death. Sergeant Williams also stated that he did not know whether or not Appellant had requested an attorney; however, he also explained that if an arrestee made such a request, this would be noted in that person's case file and that police would cease all questioning.

. . . .

At the suppression hearing, Appellant testified that he informed police of his whereabouts so that he could be picked up because an officer had telephoned his grandmother and stated that the police wanted to interrogate Appellant regarding a hit-and-run incident. According to Appellant's testimony, officers transported him to the homicide office and then held him in an interview room for two to three hours. At some point, an officer asked Appellant whether he wished to give a statement and Appellant replied that he would not do so until he had spoken with a lawyer.

Appellant further testified that he was again brought to the homicide office three days later and that he once more refused to give a statement without an attorney. Despite this refusal, when another officer inquired whether Appellant wished to give a statement, he agreed to do so. According to Appellant, after he gave his statement, he was shackled to a bench for approximately twenty minutes. An officer brought Appellant a statement and directed him to initial each page and to sign the last page. Appellant alleged that the statement contained numerous inaccuracies but acknowledged that the signature on the statement was his own. Finally, Appellant denied that he was ever advised of his constitutional rights before giving his statement.

*Id*.

In this appeal from the trial court's denial of his post-conviction petition, Petitioner argues that his rights under the Fifth, Sixth, and Fourth Amendments to the United States Constitution and Rule 5 of the Tennessee Rules of Criminal Procedure were violated. He also argues that his counsel was ineffective for failing to raise certain issues at trial and on direct appeal.

**Ineffective Assistance of Counsel**

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Should the petitioner fail to establish either factor, the petitioner is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

*Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069).

The petitioner bears the burden of proving the factual allegations that would entitle petitioner to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct unless the preponderance of the evidence establishes otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's conclusions of law are reviewed under a *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is counsel's responsibility to determine the issues to present on appeal. *State v. Matson*, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986) (citing *State v. Swanson*, 680 S.W.2d 487, 491 (Tenn. Crim. App. 1984)). This responsibility addresses itself to the professional judgment and sound discretion of appellate counsel. *Porterfield v. State*, 897 S.W.2d 672, 678 (Tenn. 1995). There is no constitutional requirement that every conceivable issue be raised on appeal. *Campbell v. State*, 904 S.W.2d 594, 596-97 (Tenn. 1995). The determination of which issues to raise is a tactical or strategic choice. *Id*.

**Fifth Amendment**

Petitioner argues that his statement should have been suppressed because it was taken in violation of the Fifth Amendment to the United States Constitution and *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The Fifth Amendment right to counsel is triggered whenever a suspect requests that counsel be present during custodial interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); *State v. Stephenson*, 878 S.W.2d 530, 544-45 (Tenn. 1994). When a defendant clearly requests an attorney during custodial interrogation, all questioning must cease until an attorney is present, unless the defendant subsequently initiates further conversation with the authorities. *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1884-85, 68 L. Ed. 2d 378 (1981).

The State correctly observes that this issue has been "previously determined" by this Court on direct appeal, and therefore, is not a proper claim for post-conviction relief. Tennessee Code Annotated section 40-30-106 provides that a post-conviction court shall dismiss any portion of a post-conviction petition that claims relief for issues that have been waived or previously determined. Tenn. Code Ann. § 40-30-106(f) (2003). That section defines "previously determined" as follows:

> A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-106(h) (2003).

Following a suppression hearing, the trial court found that Petitioner's statement was voluntarily given. The trial court found that "'no coercion, no violence, and no threats were given or made to the defendant.'" On direct appeal, this Court concluded that the evidence did not preponderate against the trial court's findings and affirmed the trial court's ruling. Citing *State v. Elrod*, 721 S.W.2d 820, 823 (Tenn. Crim. App. 1986), this Court held that "[a]lthough Appellant signed no explicit written waiver, a waiver properly may be inferred from the fact that Appellant acknowledged understanding his rights and then gave a statement which he both initialed and signed."

Petitioner concedes that counsel argued the issue at trial and on appeal, but argues that the issue "should be revisited because it was not litigated fully as a result of ineffective assistance of counsel." In the order denying post-conviction relief, the trial court found that Petitioner had failed to present proof at the post-conviction hearing to support his claim that counsel was ineffective for failing to present testimony at the suppression hearing to corroborate the claim that his confession was coerced in violation of the Fifth Amendment. We agree. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses

should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Defendant is not entitled to relief on this issue.

**Sixth Amendment**

Petitioner argues that he was denied his Sixth Amendment right to counsel. Additionally, Petitioner argues that counsel was ineffective for failing to raise the issue in the motion to suppress the statement, in the motion for new trial, and on direct appeal.

The State argues that this issue was also previously determined by this Court on direct appeal since the dissenting opinion addressed the issue, and the majority declined to accept that position. The majority of this Court did not address the issue in the direct appeal. While not previously determined, the issue is waived under Tenn. Code Ann. § 40-30-106(g) (2003). "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented" unless certain conditions are present which are not applicable in this case. Tenn. Code Ann. § 40-30-106(g) (2003). We will therefore address only the issue of whether counsel was ineffective for not raising the Sixth Amendment issue at trial and on appeal.

The Sixth Amendment right to counsel attaches when the adversarial judicial process begins. *Michigan v. Jackson*, 475 U.S. 625, 629, 106 S. Ct. 1404, 1407, 89 L. Ed. 2d 631 (1986); *State v. Stephenson*, 878 S.W.2d 530, 547 (Tenn. 1994). In Tennessee, the adversarial judicial process begins upon the filing of the formal charge, such as an arrest warrant, indictment, presentment, or preliminary hearing in cases where a warrant was not obtained prior to the arrest. *State v. Mitchell*, 593 S.W.2d 280, 286 (Tenn. 1980). Petitioner's right to counsel attached at the time the arrest warrant was issued.

If a defendant requests counsel after his arrest pursuant to an arrest warrant, police-initiated interrogation is forbidden. *Michigan v. Jackson*, 475 U.S. at 632. Any subsequent statement by the defendant as a result of such police-initiated interrogation must be suppressed regardless of whether the defendant executed a *Miranda* waiver. *Id*. at 636.

The same test is utilized under Sixth Amendment as under the Fifth Amendment right to counsel discussed above. *Id*. When a defendant clearly requests an attorney during custodial interrogation, all questioning must cease until an attorney is present unless the defendant subsequently initiates further conversation with the authorities. *Edwards v. Arizona*, 451 U.S. at 484-485, 102 S. Ct. at 1884-85.

In this appeal, the State concedes that it bears the burden of showing that a defendant has made a knowing and voluntary waiver of his Sixth Amendment right to counsel. The State argues, however, that in a post-conviction proceeding, the Petitioner has the burden of proving his allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2003).

At the post-conviction hearing, Petitioner offered into evidence the transcript of the testimony from the hearing on the motion to suppress his statement. Petitioner did not testify at the post-conviction hearing. The officers who testified at the post-conviction hearing were not questioned about and did not testify as to whether Petitioner requested counsel prior to giving his statement. Although testimony regarding this issue was elicited at the suppression hearing, the trial court did not explicitly make a credibility determination following the suppression hearing regarding whether Petitioner had requested counsel prior to giving his statement. By its ruling, however, the trial court implicitly found the officers to be credible and Petitioner not credible. The post-conviction court determined that Petitioner "failed to demonstrate that had counsel properly raised a Sixth Amendment claim his conviction would have been reversed," and therefore, Petitioner failed to show prejudice.

Petitioner urges this Court to adopt the view of the dissenting opinion in Petitioner's direct appeal from his conviction. In his dissenting opinion, Judge Hayes recognized that Petitioner's Sixth Amendment right to counsel had attached at the time Petitioner gave his statement. The dissent focused on testimony by Wilkinson at the suppression hearing that he did not recall whether Petitioner asked for an attorney on the day of his arrest and that "he could have." It concluded that the State failed to establish that Petitioner waived his right to counsel prior to the police-initiated questioning.

Petitioner failed to present any proof at the post-conviction hearing that had counsel raised the Sixth Amendment right to counsel issue at trial and on appeal, he likely would have prevailed on the issue. Therefore, we need not address the issue of whether counsel was ineffective for failing to raise a Sixth Amendment issue at trial or on appeal because Petitioner has not established that the evidence preponderates against the post-conviction court's findings that he was not prejudiced.

**Fourth Amendment and Tenn. R. Crim. P. 5(a)**

Petitioner contends that trial counsel was ineffective for failing to assert at trial or on appeal a violation his Fourth Amendment rights. Petitioner also argues that he was detained for over forty-eight hours before being brought before a magistrate for a judicial determination of probable cause in violation of Rule 5 of the Tennessee Rules of Criminal Procedure and the Fourth Amendment to the United States Constitution.

In *Gerstein v. Pugh*, 420 U.S. 103, 125, 95 S. Ct. 854, 868-69, 43 L. Ed. 2d 54 (1975), the United States Supreme Court determined that the Fourth Amendment required a prompt judicial determination of probable cause after a warrantless arrest. The Court later clarified the holding in *Gerstein* by stating that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S. Ct. 1661, 1670, 114 L. Ed. 2d 49 (1991).

The State argues that Petitioner's Fourth Amendment rights were not violated because Petitioner was arrested pursuant to a warrant, and therefore, a probable cause determination had

already been made at the time of his arrest. The United States Supreme Court has determined that the issuance of a valid arrest warrant satisfies the requirement that there must be a judicial determination of probable cause for extended detention. *Baker v. McCollan*, 443 U.S. 137, 143, 99 S. Ct. 2689, 2694, 61 L. Ed. 2d 433, 441 (1979); *see also State v. Carter*, 16 S.W.3d 762, 766 (Tenn. 2000). Petitioner does not challenge the validity of the arrest warrant. Therefore, Petitioner was not prejudiced by counsel's failure to challenge the trial court's denial of suppression under the Fourth Amendment.

Tennessee Rule of Criminal Procedure 5(a) provides that a person arrested without a warrant be taken before a magistrate without unnecessary delay. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975). The rule further provides that "[a]ny person arrested except upon a capias pursuant to an indictment or presentment shall be taken without unnecessary delay before the nearest appropriate magistrate of the county *from which the warrant for arrest issued*. . . ." Thus, those arrested with a warrant must also be taken before a magistrate without unnecessary delay.

A violation of Rule 5(a) does not necessarily lead to the suppression of the confession. *See State v. Middlebrooks*, 840 S.W.2d 317, 327-28 (Tenn. 1992). When there is a Rule 5(a) violation, the "unreasonable delay" is but one factor to be taken into account in evaluating the voluntariness of the confession. *See State v. Huddleston*, 924 S.W.2d 666, 670-71 (Tenn. 1996). If the totality of the surrounding circumstances indicates that a confession was voluntarily given, it shall not be excluded from evidence solely because of the delay in carrying the defendant before a magistrate. *Huddleston*, 924 S.W.2d at 671; *State v. Readus*, 764 S.W.2d 770, 774 (Tenn. Crim. App. 1988). In determining voluntariness the court should consider the defendant's age, education or intelligence level; previous experience with the police; the repeated and prolonged nature of the interrogation; the length of detention prior to the confession; the lack of any advice as to constitutional rights; the unnecessary delay in bringing the defendant before the magistrate prior to the confession; the defendant's intoxication or ill health at the time the confession was given; deprivation of food, sleep or medical attention; any physical abuse; and threats of abuse. *Huddleston*, 924 S.W.2d at 671.

Applying those factors, the post-conviction court found that (1) the petitioner was not a minor and indicated that he was able to read and understand the charges against him; (2) the petitioner had previous experience with the police in that he had been arrested on burglary and theft charges only one month prior to his arrest in this case; (3) the questioning of the petitioner was not unreasonably long; (4) the petitioner was held for three days prior to giving the incriminating statement; (5) the petitioner was repeatedly and adequately advised of his rights prior to giving a formal statement; (6) the petitioner was not injured, intoxicated, drugged or in ill health at the time of the statement; (7) the petitioner was not deprived of food, sleep, or medical attention during his detention; and (8) there is no evidence that the petitioner was physically abused or threatened with physical abuse. The court concluded that Petitioner's "statements would likely have been found to be voluntary under the totality of the circumstances," and therefore Petitioner was not prejudiced by "any ineffectiveness on the part of trial counsel in failing to assert a violation of Tenn. R. Crim. P. 5(a)."

We agree with the post-conviction court's findings.  Petitioner has not established that the evidence preponderates against those findings.

## CONCLUSION

We conclude that Petitioner has failed to establish prejudice resulting from any of the alleged errors.  The judgment of the post-conviction court is affirmed.

                _____

                THOMAS T. WOODALL, JUDGE