# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 23, 2010 Session

## GERALD DEON JENKINS v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Blount County
### No. C-15386    David R. Duggan, Judge

---

### No. E2010-00938-CCA-R3-PC - Filed March 9, 2011

---

The Petitioner, Gerald Deon Jenkins, entered a best-interest guilty plea to one count of second degree murder, a Class A felony; one count of theft over $500, a Class E felony; one count of theft over $1,000, a Class D felony, and one count of setting fire to personal property, a Class E felony. See Tenn. Code Ann. §§ 39-13-210(b), -14-103, -14-105(2)-(3), -14-303(b) (2003). The trial court sentenced the Petitioner to twenty-five years for the second degree murder conviction, two years for the theft over $500 conviction, four years for the theft over $1,000 conviction, and two years for the setting fire to personal property conviction. The court ordered that the terms run concurrently for a total effective sentence of twenty-five years. The Petitioner filed a timely petition for post-conviction relief, and, after a hearing, the post-conviction court denied relief. In this appeal, the Petitioner presents the following issues for review: (1) The post-conviction court erred when it found that the Petitioner received the effective assistance of counsel; (2) The post-conviction court "commit[ted] error in finding that the sentence of maximum punishment was correct"; and (3) The trial court committed plain error when it considered the convictions contained in the presentence report, failed to consider "lingering doubt or innocence," and incorrectly applied enhancement factors. After our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

F.D. Gibson, III, Maryville, Tennessee, for the appellant, Gerald Deon Jenkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Mike Flynn, District Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In April 2005, a Blount County grand jury returned a five-count indictment alleging that the Petitioner committed the offenses of first degree murder, first degree felony murder, theft over $500, theft over $1,000, and setting fire to personal property or land. On November 29, 2005, the Petitioner entered "open" best-interest pleas to one count of second degree murder, one count of theft over $500, one count of theft over $1,000, and one count of setting fire to personal property. In accordance with the plea agreement, the State dismissed one count of first degree murder.

The official version of the events underlying the Petitioner's convictions, as reported in the presentence report, is as follows:

> On [November 18, 2004], [Michael Johnson] picked the [Petitioner] and Thomas Presley up at the [Petitioner's] residence. The three went to Johnson's residence to work on his television. While Presley was in the bedroom the other two went to the crawl space under the home. After a short time, Presley heard a gun shot. He stated [the Petitioner] then returned to the bedroom and stated he had killed Johnson. The two then went to the crawl space where Presley advised he heard Johnson gurgling. [The Petitioner] then went inside and Presley observed [the Petitioner] shoot Johnson a second time. At that time, [the Petitioner] ordered Presley upstairs to the truck where they loaded a four wheeler in the back and sped away. They went to [the Petitioner's] residence where they uploaded [sic] the four wheeler. [The Petitioner] then ordered 2 members of his family to follow him in their van. They proceeded to a field where Presley got out of the van and helped destroy Johnson's vehicle. Several days after the incident the [Petitioner], Presley, and the family members went for a ride and somewhere, possibly in Sevier County, they stopped on a bridge and Presley threw the alleged murder weapon (gun) in the water.

The Petitioner's sentencing hearing was conducted on January 9, 2006. The trial court found that two enhancement factors applied and sentenced the Petitioner to twenty-five years for his second degree murder conviction, two years for his theft over $500 conviction, four years for his theft over $1,000 conviction, and two years for his setting fire to personal property conviction. The court ordered that the sentences be served concurrently. The Petitioner filed a timely notice of appeal but later requested that his appeal be voluntarily dismissed. This Court granted the Petitioner's motion to voluntarily dismiss his appeal on

January 3, 2007. The Petitioner filed a petition for post-conviction relief on July 16, 2007.

On December 1, 2009, the Petitioner's post-conviction hearing was conducted. Trial Counsel stated that, as part of the plea agreement, the State agreed that they would only rely upon two enhancement factors—prior convictions and use of a gun—during the sentencing phase. Trial Counsel testified that he did not recall objecting to the presentence report as unreliable hearsay. When asked whether, under Blakely v. Washington, 542 U.S. 296 (2004),[1] it was Trial Counsel's understanding that mitigating and enhancement factors needed to be submitted to a trier of fact and proven beyond a reasonable doubt, Trial Counsel responded, "Well, I believe you can waive that right. I think that's what he did in his plea form."

Trial Counsel recalled that, because the Petitioner maintained his innocence and pleaded guilty via a best-interest plea, Trial Counsel attempted to "get into the proof . . . whether or not my client actually was the one that possessed the firearm." However, he testified that the trial court did not allow him to present such evidence. Trial Counsel acknowledged that he did not preserve the evidence by making an offer of proof.

Trial Counsel testified that he told the Petitioner that he was facing between fifteen and twenty-five years of incarceration. He recalled that the Petitioner decided to reject a twenty-year offer by the State and "knew he was gambling five years."

Regarding the withdrawal of the Petitioner's direct appeal, Trial Counsel testified as follows:

> [A]t the time we filed the appeal, the issue we were bringing up to the Appellate Court was the use of the gun. And I wasn't—we hadn't contemplated including in the appeal any other issues at that point. And upon researching the issue of whether or not a gun should be used as an enhancement factor on a murder case that involved the manner of death being a gunshot wound, I found case law that was exactly on point that precluded me from making a good faith argument for a change in the existing law. I felt that there was a chance that our appeal would be considered frivolous since the

---

[1] In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Court explained that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04.

issue had recently been litigated and decided against us. So, I drove to Northeast—or Northwest Correctional Facility, went over the case law, told him I didn't feel like that appeal would be successful. I advised him of his rights of post-conviction relief, that he could file relief against my work if he's not happy with me, and that's where he left it.

Trial Counsel elaborated, "And I believed in my heart that it would have been a frivolous appeal." However, he admitted, "I didn't consider the Blakely issues at the time." Trial Counsel added that he was not sure if "the Blakely issue" could have been argued successfully or in good faith.

On cross-examination, Trial Counsel acknowledged that the fact the victim died from a gunshot wound was undisputed. Trial Counsel testified that it was the Petitioner's decision to plead guilty and that the Petitioner never asked him to file a motion to withdraw his guilty plea. He also recalled that it was his strategy to have the State to agree that it could only argue two enhancement factors. Trial Counsel said that he felt there was not much he could do about his client's previous convictions and that, regarding the use of a gun, it was his strategy to argue that the Petitioner was not the one who possessed the firearm. He also stated that he "relied heavily" upon the fact that the trial court had recently sentenced another defendant to fifteen years for a separate homicide when two enhancement factors were applied.

Trial Counsel recalled that he had seven witnesses testify on behalf of the Petitioner during his sentencing. Regarding why he did not object to the presentence report, Trial Counsel stated, "There would have been no reason to object to the convictions. I don't know if I missed any other reason. I can't think of any reasons why I would have needed to object to the presentence report."

On January 19, 2010, the post-conviction court denied the Petitioner relief in an eighty-page written order. The Petitioner now appeals.

**Analysis**

The Petitioner presents the following issues for review: (1) The post-conviction court erred when it found that the Petitioner received effective assistance of counsel; (2) The post-conviction court "commit[ted] error in finding that the sentence of maximum punishment was correct"; and (3) The trial court committed plain error when it considered the convictions contained in the presentence report, failed to consider "lingering doubt or innocence," and incorrectly applied enhancement factors.

-4-

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

## I. Ineffective Assistance of Counsel

The Petitioner asserts that his Trial Counsel was ineffective because he: (a) failed to object to prior convictions in the presentence report as improper hearsay; (b) failed to argue that one of the enhancement factors the trial court applied was not proven by sufficient evidence; (c) failed to properly preserve issues for appeal; and (d) advised the Petitioner to withdraw his direct appeal.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. Id. at 687; Burns, 6 S.W.3d at 461. To demonstrate prejudice, a defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

## A. Convictions in the Presentence Report

The Petitioner claims that his Trial Counsel was ineffective because he failed to object and argue that the prior convictions listed in the presentence report were testimonial hearsay. The Petitioner also appears to argue that, because he did not testify during his sentencing hearing, Trial Counsel did not ask him about his prior convictions or if he was represented by counsel during those proceedings.

Tennessee Code Annotated section 40-35-209(b) addresses the sentencing hearing and provides in pertinent part:

> The rules of evidence shall apply, except that reliable hearsay, including, but not limited to, certified copies of convictions or documents, may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted; provided, that this subsection (b) shall not be construed

to authorize the introduction of any evidence secured in violation of the United States or Tennessee constitutions.

This Court has consistently held that information in a presentence report is reliable hearsay which may be admitted if the opposing party is offered the opportunity to rebut the same. See State v. Baker, 956 S.W.2d 8, 17 (Tenn. Crim. App. 1997); State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993). We also note that the trial court is required to consider the presentence report before imposing a sentence. Tenn. Code Ann. § 40-35-210(b)(2) (2003).

Moreover, the Tennessee Criminal Sentencing Reform Act of 1989 contemplates that much of the information contained in a presentence report will be hearsay. Baker, 956 S.W.2d at 17. However, the information is reliable because it is "based upon the presentence officer's research of the records, contact with relevant agencies, and the gathering of information which is required to be included in a presentence report." Id. Even if Trial Counsel had objected to the admission of the Petitioner's presentence report, his objection would have been unsuccessful because it is settled law that the presentence report is reliable hearsay and is admissible during sentencing hearings. Thus, the Petitioner has failed to demonstrate that he was prejudiced by Trial Counsel's failure to object and is not entitled to relief on this issue.

Additionally, to the extent that the Petitioner argues that Trial Counsel was ineffective because, during the sentencing hearing, he was not questioned about his prior convictions or whether he had representation during them, he has failed to show that he was prejudiced by either. No evidence was presented during his post-conviction hearing that the convictions listed on his presentence report were inaccurate. Thus, the Petitioner is not entitled to relief on these issues.

### B. Enhancement Factors

The Petitioner's plea agreement contained the following provision, "[I understand] [t]hat I am entitled to have a jury determine all issues related to the length of my sentence. I hereby waive that right and submit the determination of enhancing and mitigating factors to the judge without a jury." Although it is often difficult to discern the gist of the Petitioner's arguments from his brief, it appears that he is contending that Blakely required the trial court to find sentencing enhancement factors beyond a reasonable doubt and that Trial Counsel was ineffective because he failed to argue that the State presented insufficient evidence that the Petitioner possessed or employed a firearm during the commission of the offense. However, the Petitioner cites no relevant authority to support that argument, nor does he recognize that State v. Gomez, 163 S.W.3d 632, 661 (Tenn. 2005) ("Gomez I"), was the controlling law in this state when his sentencing hearing was held.

-7-

The offense to which the Petitioner pleaded guilty occurred before the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005, and the Petitioner was sentenced under the pre-2005 law. The Tennessee Supreme Court summarized the pre-2005 sentencing scheme as follows:

> . . . Tennessee's Criminal Sentencing Reform Act of 1989 ("the Reform Act") which, prior to its amendment in 2005, established a "presumptive sentence" for each class of felonies other than capital murder. Absent enhancing or mitigating factors, the presumptive sentence for Class B, C, D, and E felonies was the minimum in the applicable range. Tenn. Code Ann. § 40-35-210(c) (Supp. 2001). For Class A felonies, the presumptive sentence absent enhancing or mitigating factors was the midpoint in the applicable range. Id. A sentencing court could not increase a defendant's sentence above the presumptive sentence except upon the application of statutory enhancement factors. See id.; see also State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994) ("The sentence imposed [for most felonies] cannot exceed the minimum sentence in the range unless the State proves enhancement factors."). A sentencing court determined the existence of enhancement factors by a preponderance of the evidence. See State v. Carico, 968 S.W.2d 280, 287 (Tenn. 1998). Once the trial court found enhancement factors, it had the authority to "set the sentence above the minimum in [the sentencing] range but still within the range." Tenn. Code Ann. § 40-35-210(d) (Supp. 2001). The weight afforded enhancement factors was left to the trial court's discretion. See Tenn. Code Ann. § 40-35-210, Sentencing Comm'n Cmts. (1997); see also State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). In sum, a maximum sentence could not be imposed absent a judicial finding of enhancement factors.

State v. Gomez, 239 S.W.3d 733, 739-40 (Tenn. 2007) (footnote omitted) ("Gomez II").

When the Petitioner's sentencing hearing was conducted on January 9, 2006, Gomez I was the controlling law. See Gomez I, 163 S.W.3d at 661 (concluding that the Tennessee Criminal Sentencing Reform Act of 1989 did not violate the dictates of Blakely). It was not until October 2007 that our supreme court held that "to the extent the Reform Act permitted enhancement based on judicially determined facts other than the fact of a prior conviction, it violated the Sixth Amendment as interpreted by the Supreme Court in Apprendi, Blakely, and Cunningham." Gomez II, 239 S.W.3d at 740 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); Cunningham v. California, 549 U.S. 270 (2007)).

-8-

Our review of the record indicates that the trial court complied with the 1989 Sentencing Act when sentencing the Petitioner to an effective sentence of twenty-five years. When announcing that it found that two enhancement factors applied—(1) the Petitioner's previous history of criminal convictions or criminal behavior and (9) the Petitioner possessed or employed a firearm during the commission of the offense—the trial court commented that both had "been established, without any question, by the proof and weigh heavily in my opinion." See Tenn. Code Ann. § 40-35-114(1), (9) (2006). We also note that the State did present sufficient evidence to show that the Petitioner possessed or employed a firearm in the commission of the murder. The Petitioner pleaded guilty to the second degree murder of Michael Johnson. See Hicks v. State, 983 S.W.2d 240, 247-48 (Tenn. Crim. App. 1998) ("A 'best interests' plea is treated exactly like any other guilty plea except for the defendant's protestation of innocence."). According to the statement the Petitioner gave to the presentence officer, he did not dispute that he killed Michael Johnson but claimed he acted in self-defense. The autopsy report, which was entered as an exhibit during the Petitioner's sentencing hearing, stated that Michael Johnson's cause of death was "[m]ultiple gunshot wounds to the head." Additionally, the presentence report stated that Thomas Presley, a co-defendant, heard a gunshot and then "observed [the Petitioner] shoot Johnson a second time." As we have noted, the Petitioner waived his right to have a jury determine any sentencing issues. The Petitioner specifically agreed to allow the trial court to determine enhancing and mitigating factors. The Petitioner is not entitled to relief on this issue.

### C. Preserving Issues for Appeal

The Petitioner contends that Trial Counsel failed to preserve issues for appeal. In his brief, he states, "Trial Counsel had at least three issues for appeal involving hearsay statements in the presentencing report as to convictions and statements attributed to Tommy Pressley [sic], length of sentence and lingering doubt as to guilt as a mitigating factor."

It is counsel's responsibility to determine the issues to present on appeal. State v. Matson, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986). This responsibility addresses itself to the professional judgment and sound discretion of appellate counsel. Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995). There is no constitutional requirement that every conceivable issue be raised on appeal. Campbell v. State, 904 S.W.2d 594, 597 (Tenn. 1995). The determination of which issues to raise is a tactical or strategic choice. Id.

The principles are the same when determining the effectiveness of both trial and appellate counsel. Campbell, 904 S.W.2d 594, 596 (Tenn. 1995). A petitioner alleging ineffective assistance of appellate counsel must prove both that (1) appellate counsel was objectively deficient in failing to raise a particular issue on appeal, and (2) absent appellate counsel's deficient performance, there was a reasonable probability that the petitioner's appeal would have been successful before the state's highest court. See, e.g., Smith v.

Robbins, 528 U.S. 259, 285 (2000). Therefore, when "a claim of ineffective assistance of counsel is based on the failure to raise a particular issue . . . then the reviewing court must determine the merits of the issue." Carpenter v. State, 126 S.W.3d 879, 887 (Tenn. 2004). Our supreme court has explained that "if an issue has no merit or is weak, then appellate counsel's performance will not be deficient if counsel fails to raise it. Likewise, unless the omitted issue has some merit, the petitioner suffers no prejudice from appellate counsel's failure to raise the issue on appeal." Id.

As we have already discussed above, it is settled law in Tennessee that convictions listed in the presentence report are reliable hearsay and are admissible during a sentencing hearing if the opposing party is offered the opportunity to rebut the same. See State v. Baker, 956 S.W.2d 8, 17 (Tenn. Crim. App. 1997); State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993). Even if Trial Counsel had preserved this issue for appeal, there is no reasonable probability that it would have been successful. Thus, the Petitioner has failed to show that he was prejudiced by Trial Counsel's failure to appeal the use of the prior convictions listed in his presentence report.

Regarding the Petitioner's argument that Trial Counsel should have preserved the issue of the length of his sentence for appeal, we have pointed out that as part of his plea agreement, the Petitioner waived the right to have a jury determine facts relative to sentencing. The Petitioner has not demonstrated prejudice and has failed to cite any authority that indicates he would have prevailed on this issue had it been appealed.

Finally, the Petitioner asserts that Trial Counsel should have appealed the use of the statements attributed to Tommy Presley in the presentence report, as well as the issue of "lingering doubt as to guilt as a mitigating factor." However, we conclude that these issues have been waived because the Petitioner failed to cite any relevant authority in his brief to support these assertions. See Tenn. Ct. Crim. App. R. 10(b) (providing that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references will be treated as waived in this court"); see also Tenn. R. App. P. 27(a)(7) (stating that briefs shall contain citations to the authorities relied on).

### D. Withdrawal of Direct Appeal

After his sentencing hearing, the Petitioner filed a timely notice of appeal. However, on November 6, 2006, the Petitioner filed a motion for voluntary dismissal of his direct appeal, along with an affidavit waiving his right to appeal. This Court granted the Petitioner's motion on January 3, 2007. In the instant appeal, the Petitioner argues that Trial Counsel was ineffective because he advised him to withdraw his direct appeal. Although his brief is not a model for clarity, it appears that the Petitioner is arguing that he had a viable

Blakely claim and was prejudiced by Trial Counsel's advice that he withdraw his direct appeal.

We cannot conclude that Trial Counsel was deficient for failing to pursue a Blakely claim in the Petitioner's direct appeal. In Trial Counsel's motion to dismiss the Petitioner's appeal, he stated, "Counsel has researched the case law in this matter extensively and does not find any support for a good faith argument." The Petitioner does not cite to any relevant authority that persuades us that Trial Counsel was deficient in coming to this conclusion. Again, we note that the Petitioner specifically waived his right to have a jury determine sentencing issues as part of his plea agreement. The Petitioner is not entitled to relief on this issue.

## II. Length of Sentence

The Petitioner claims that the post-conviction court "commit[ted] error in finding that the sentence of maximum punishment was correct." However, this issue is not appropriate in this appeal, as "[t]here is no appellate review of the sentence in a post-conviction or habeas corpus proceeding." Tenn. Code Ann. § 40-35-401(a). Moreover, this issue is waived because it could have been presented on direct appeal. See Tenn. Code Ann. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.").

## III. Plain Error Review

Finally, the Petitioner contends that this Court should grant relief because the following issues were plain error: (a) the trial court's consideration of convictions contained in the presentence report; (b) the trial court's failure to consider "lingering doubt or innocence"; and (c) the trial court's application of enhancement factors. However, these issues have been waived because they were not raised in a direct appeal. See Tenn. Code Ann. § 40-30-106(g). Moreover, "the plain error rule, which would otherwise permit an appellate court to address the issue sua sponte, may not be applied in post-conviction proceedings to grounds that would otherwise be deemed either waived or previously determined." Grindstaff v. State, 297 S.W.3d 208, 219 (Tenn. 2009). Thus, the Petitioner is not entitled to relief on these issues.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the denial of post-conviction relief.

_____
DAVID H. WELLES, JUDGE