STATE of Tennessee, Appellee,

v.

James H. MATSON, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 15, 1986.

Permission To Appeal Denied by Supreme Court March 9, 1987.

Edward F. Bell, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Ronald Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

DUNCAN, Judge.

After an evidentiary hearing, the trial judge held to be without merit all of petitioner's claims of ineffective representation of counsel and dismissed the petition for post-conviction relief. We affirm the dismissal.

The petitioner, James H. Matson, was convicted of second degree murder by a Davidson County jury. He was sentenced to twenty (20) years in the penitentiary as a Range I offender. On direct appeal, we affirmed the conviction (*State v. James H. Matson*, C.C.A. No. 84–196–III (Tenn.Cr. App., Nashville, June 6, 1985)), and the Tennessee Supreme Court denied permission to appeal on August 12, 1985.

The petitioner contends that his retained trial counsel was ineffective because counsel failed to have an expert available to testify as to the cause of death; failed to

include all issues in the petition to appeal to the Tennessee Supreme Court; and failed to pursue an appeal to the United States Supreme Court.

■ The standard for effective assistance of counsel is that the advice given or the services rendered be within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975). Petitioner has the burden to show that his counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ In this case, prior to trial, petitioner had sent partial medical records to a trauma expert in Indiana for his opinion. The expert responded that it seemed to him that the victim received only minimal care for the twenty days he lingered in a coma after being shot in the head by the petitioner.

Defense counsel stated at the post-conviction hearing that he decided not to try to disprove the cause of death of the victim, but rather, he would try to keep the State from proving cause of death. Thus, it was a tactical decision on counsel's part not to use the expert. Further, the death certificate clearly stated that the cause of death of the victim was a gunshot wound to the head, so the expert's opinion would have served little benefit, if any at all, to the petitioner's defense, even if it had been admissible.

At any rate, as a reviewing Court, we will not second guess strategic and tactical choices made by trial counsel. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn.1982); *Tolliver v. State,* 629 S.W.2d 913, 914 (Tenn.Cr. App.1981). It may not be said that incompetent representation has occurred merely because other lawyers, judging from hindsight, might have made a better choice of tactics. *Hellard,* at 9.

■ Next, there is no merit to the petitioner's complaint that his trial counsel failed to include all arguable issues in the petitioner's application for permission to appeal to the Tennessee Supreme Court.

[F]ailure to preserve and/or assert all arguable issues on appeal is not *per se* ineffective assistance of counsel, since the failure to do so may be a part of the counsel's strategy of defense. Counsel is not constitutionally required to argue every issue on appeal, or present issues chosen by his client. The determination of which issues to present on appeal is a matter of counsel's discretion.

*State v. Swanson,* 680 S.W.2d 487, 491 (Tenn.Cr.App.1984) (citations omitted).

Here, trial counsel's decision to appeal to the Tennessee Supreme Court the two most meritorious issues out of the four raised in our Court was within the range of competence demanded of trial counsel.

Last, petitioner complains that his trial counsel was ineffective for failing to advise him of his right to pursue an appeal to the United States Supreme Court.

In *Collins v. State,* 670 S.W.2d 219 (Tenn.1984), our Supreme Court stated:

It cannot be doubted that a criminal defendant has a statutory right to one level of appellate review. T.C.A., § 40-14-203. Moreover, that right is guaranteed by the Constitution of the United States. *Douglas v. People of State of California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).*

*Id.* at 221.

■ In the present case, the petitioner's trial counsel obtained review of the petitioner's case in our Court, and he filed an application for permission to appeal to the Tennessee Supreme Court which was denied. Trial counsel then advised the petitioner that if he decided to pursue other action he should obtain the services of another attorney and suggested an attorney's name to the petitioner.

---

* Rule 14 of the Tennessee Supreme Court Rules provides that where an accused's counsel is given permission to withdraw after an adverse decision in our Court, he must advise the accused of certain rights, including the accused's right to seek second tier review by way of a *pro se* application for permission to appeal to the Supreme Court of Tennessee.

Trial counsel was not obligated to do anything further, and it cannot be said that he provided ineffective assistance to the petitioner by his decision not to pursue the appeal any further, or by his failure to discuss with the petitioner the procedures incident to the filing of a petition for certiorari in the United States Supreme Court.

The judgment of the trial court is affirmed.

TATUM and CORNELIUS, JJ., concur.