IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 14, 2002 Session

## ADRIAN WILKERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 95-B-856      J. Randall Wyatt, Jr., Judge**

_____

**No. M2001-02295-CCA-R3-PC - Filed July 16, 2002**

_____

This is an appeal from the denial of post-conviction relief. A Davidson County jury originally convicted the petitioner and a co-defendant of first degree felony murder, especially aggravated robbery, and theft over $1,000. The petitioner is serving an effective sentence of life imprisonment plus 25 years. In this appeal, the petitioner contends he received ineffective assistance of counsel due to counsel's failure to interview witnesses and failure to raise on direct appeal the trial court's denial of severance from his co-defendant. After a review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Cynthia M. Fort, Nashville, Tennessee, for the appellant, Adrian Wilkerson.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

We briefly summarize the facts underlying petitioner's convictions. Petitioner and his co-defendant, Steven Murphy, on October 6, 1994, stole an automobile from a university student. They subsequently killed and robbed an employee of a movie chain of over $3,800 while he was attempting to make a deposit at Third National Bank. Petitioner was positively identified at trial as the triggerman. Other witnesses identified the petitioner and Murphy as being together in the stolen car shortly after the robbery. Petitioner and his co-defendant were captured while together shortly after the murder/robbery.

The jury convicted both the petitioner and the co-defendant of felony murder, especially aggravated robbery, and theft over $1,000. The petitioner's convictions were affirmed on direct appeal.

## I. POST-CONVICTION HEARING TESTIMONY

Only the petitioner and petitioner's trial counsel testified at the post-conviction hearing. The petitioner testified his trial counsel was apparently made aware that some of the state witnesses were not on the witness list. Petitioner, when asked if his counsel got to interview these witnesses, stated, "I read in the transcript. And I – I seen where evidently he didn't." No further testimony by petitioner related to the failure to interview witnesses.

Petitioner further testified his co-defendant made a "big . . . scene" during the trial, did not want to participate and "stayed out" of the courtroom during much of the trial. The petitioner further testified that although trial counsel requested severance at trial and argued the trial court's denial of severance at the motion for new trial, counsel neglected to raise the issue on direct appeal. The petitioner conceded that four witnesses identified him at trial, and he was captured with the co-defendant shortly after the crime.

Trial counsel testified the state sought testimony from a TBI Lab Technician of whom he received "late notice." Trial counsel stated he interviewed the witness, "[b]ut it may have been right before [the witness's testimony]."

Trial counsel explained he made two motions for severance due to co-defendant's presence in an orange jail uniform and "absence of his own volition." Trial counsel could not specifically recall why he had not included the denial of severance as an issue on direct appeal, but he explained his practice to "never put into a brief an issue that [he] couldn't cite some type of case law that would support [his] client's position . . . [and he] didn't put things in there that [he] believed [were] frivolous." Trial counsel explained that the defendant's theory was strictly one of misidentification.

We have examined the original trial transcript, which reveals the petitioner's co-defendant, Steven Murphy, refused to change from his orange inmate's uniform and refused to enter the courtroom during trial despite repeated pleas from his counsel and the trial court. Instead, Murphy remained in a room near the courtroom throughout trial. He was never seen by the jury, but the trial court advised the jury that Murphy waived his right to participate in the trial and was seated in a nearby room. The trial court also repeatedly instructed the jury it was to draw no inference regarding Murphy's or the petitioner's guilt or innocence from Murphy's absence. Petitioner's trial counsel thrice moved the lower court to sever the petitioner's trial from Murphy's; the trial court overruled these motions.

## II.  POST-CONVICTION COURT'S FINDINGS

The post-conviction court entered written findings of fact and conclusions of law as required by statute.  *See* Tenn. Code Ann. § 40-30-211(b).  In those findings, the court accredited the testimony of trial counsel and specifically found he "performed his duties in a diligent and competent manner" and "did everything he could in preparation for trial."  The post-conviction court concluded the petitioner was not denied the effective assistance of counsel.

## III.  STANDARD OF REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise.  State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).  The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings.  Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997).  The burden of establishing that the evidence preponderates otherwise is on petitioner.  Henley, 960 S.W.2d at 579.  However, the trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness.  Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases."  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense."  Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Should the petitioner fail to establish either factor, the petitioner is not entitled to relief.  Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim.  Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

The petitioner bears the burden of proving his allegations by clear and convincing evidence.  Tenn. Code Ann. § 40-30-210(f).  The findings of fact made by the post-conviction court are

conclusive and will not be disturbed unless the evidence contained in the record preponderates against them.  *See* Fields, 40 S.W.3d at 457.

# V.  ANALYSIS

## A.  Failure to Interview Witnesses

Petitioner contends trial counsel was deficient in not interviewing state witnesses prior to their testimony.  His vague testimony on this issue does not establish any deficiency nor prejudice.  Likewise, trial counsel's testimony does not establish any deficiency nor prejudice.  Furthermore, petitioner has not cited us to any portion of the original trial transcript establishing any deficiency by counsel.  *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).  This issue is without merit.

## B.  Severance

Petitioner contends his co-defendant's trial behavior was so outrageous as to require a severance, and trial counsel was deficient in not assigning it as an appellate issue.

In order to prevail on this issue, petitioner must not only establish that trial counsel was deficient in failing to raise this as an appellate issue, but also must establish that he would have prevailed on this issue in the appellate court.  Petitioner fails to meet his burden.

It is ordinarily counsel's responsibility to determine the issues to present on appeal.  State v. Matson, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986) (citing State v. Swanson, 680 S.W.2d 487, 491 (Tenn. Crim. App. 1984)).  This responsibility addresses itself to the professional judgment and sound discretion of appellate counsel.  Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995).  There is no constitutional requirement that every conceivable issue be raised on appeal.  Campbell v. State, 904 S.W.2d 594, 597 (Tenn. 1995).  The determination of which issues to raise is generally a tactical or strategic choice.  *Id*.

Petitioner relies heavily upon State v. Carruthers, in which our supreme court reversed a capital murder defendant's conviction based upon the trial court's refusal to sever his trial from that of his *pro se* co-defendant.  35 S.W.3d 516 (Tenn. 2000).  However, in Carruthers, the *pro se* co-defendant exhibited offensive mannerisms before the jury, including "scratching or pulling around his groin when standing facing the jury," which prompted a complaint by the jury; elicited incriminating evidence when questioning witnesses; and called a witness whose testimony implied that the defendant assisted the *pro se* co-defendant in committing the crime.  *Id*. at 553-54.

Initially, we note that trial counsel was not deficient in failing to rely on Carruthers as it was not decided until after the trial and appeal of this case.  Carruthers was not filed until December 11, 2000, *see id.* at 516, and this case was tried in February 1996 and decided by this court on appeal in

August 1998. *See* State v. Adrian Wilkerson, C.C.A. No. 01C01-9610-CR-00419, 1998 Tenn. Crim. App. LEXIS 891 (Tenn. Crim. App. Aug. 26, 1998, at Nashville), *perm. to app. denied*; *not for citation* (Tenn. 2000).

However, we need not reach the issue of deficiency. This court need not address both deficiency and prejudice if petitioner fails to establish entitlement to relief on one of the prongs. Goad, 938 S.W.2d at 369. Here, petitioner has failed to establish the prejudice prong.

The absence of the co-defendant from the trial does not compare to the level of outrageous conduct exhibited before the jury by the *pro se* co-defendant in Carruthers. Furthermore, the evidence against the defendant was extremely strong. In short, the defendant has failed to establish that the appellate court would have granted a new trial if this issue had been raised. Thus, petitioner has failed to establish prejudice.

Petitioner has failed to establish that he received ineffective assistance of counsel. Accordingly, we affirm the judgment of the trial court.

 

_____
JOE G. RILEY, JUDGE